*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-131

OCTOBER TERM, 2013

| | |
|---|---|
| In re Estate of Danielle L. Morin | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 172-2-13 Cncv |
| | |
| | Trial Judge: Geoffrey W. Crawford |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the superior court's decision affirming the probate court's denial of his motion to be named co-administrator of the estate of his daughter. We affirm.

Petitioner is incarcerated under a long-term sentence based on a conviction of aggravated sexual assault. Petitioner's daughter was unmarried and had no children when she died from a drug overdose. The probate court named her brother, petitioner's son, as administrator of the estate. Petitioner requested that he be named as co-administrator with his son for the purpose of prosecuting a pending lawsuit in which the estate alleges that employees of the Department of Corrections and others bear responsibility for his daughter's death. The probate court initially denied petitioner's motion in May 2011 on the basis that he was incarcerated. On January 22, 2013, the probate court denied petitioner's renewed request that he be named as co-executor of the estate along with his son. In denying the motion, the court stated as follows on a motion reaction form: "The estate already has a competent fiduciary. Co-executors are not necessary or helpful to the court." On February 5, 2013, in response to petitioner's motion for reconsideration, the court stated as follows in a second motion-reaction form: "The issue is not the convenience of this court, but the efficient operation of all the courts. Litigation cannot be efficiently managed through the correctional center by the civil or probate division. Legal counsel is recommended."

Petitioner appealed the probate court's decision to the superior court, arguing that his son was incapable of prosecuting the pending wrongful death litigation and that the interests of the estate—which had no asset other than the potential damages from the lawsuit—depended upon him being appointed administrator. The superior court affirmed the probate court's decision, stating that the court acted within its discretion in declining to appoint petitioner as co-administrator due to the practical difficulties presented by petitioner's incarceration. The court acknowledged that petitioner had acted as his own attorney representing himself in the past, but

concluded that "[i]t is a different matter to seek to serve in a representative capacity on behalf of others and to hold an important legal office as administrator."

On appeal to this Court, petitioner argues that his interests as heir to his daughter's estate are perfectly aligned with the interests of the estate, and that neither his pro se status nor the fact he is incarcerated is a valid reason for denying his motion to be named as administrator of the estate. He points out that thousands of inmates appear before courts pro se and that pro se parties are routinely named as administrators, just as his son was in this case. He contends, without explanation, that the court's order violated his equal protection rights, and further states in a one-page addendum to his brief that he preserved his equal protection argument by contending in his memorandum of law to the superior court that because hundreds of cases in Vermont involve incarcerated pro se litigants, there can be no support for the probate court's ruling solely based on his incarceration.

Under 14 V.S.A. § 903(1)-(2), if a person dies intestate, as here, "administration shall be granted" to the "next of kin" if there is no surviving spouse unless the next of kin is "unsuitable." Here, the probate court concluded, and the superior court came to the same discretionary conclusion, that petitioner was not suitable to administer his daughter's estate because of the practical difficulties of fulfilling the duties of an administrator and prosecuting the wrongful death lawsuit while incarcerated. Petitioner has failed to demonstrate error in the superior court's determination. See Herald Ass'n, Inc. v. Dean, 174 Vt. 350, 359-60 (2002) (noting that, under abuse-of-discretion standard, "the decision will stand on appeal unless the requesting party shows that the court either failed to exercise its discretion altogether or exercised it for reasons that are clearly untenable or unreasonable"). As the superior court explained, the practical difficulties of having petitioner act as the estate administrator in this case, which would require him to effectively communicate with the courts in a timely matter and potentially require him to obtain transport orders to participate in civil proceedings in which he is not a litigant, are a sufficient basis for the superior court to exercise its discretion to deny petitioner's motion.

As for petitioner's bare argument that the probate court's decision violates his equal protection rights, we do not agree with his contention in the addendum to his brief that he adequately preserved that argument through the statements he had previously made cited therein. Those statements merely note that pro se inmates prosecute lawsuits in Vermont; they do not raise an equal protection claim. See Puppolo v. Donovan & O'Connor, LLC, 2011 VT 119, ¶ 13, 191 Vt. 535 (mem.) (refusing to consider constitutional due process argument because plaintiff failed to properly preserve issue by presenting it to trial court with specificity and clarity in manner giving court fair opportunity to rule on it).

With respect to petitioner's assertion that his participation is essential to the successful prosecution of the estate's wrongful death action, we note that father remains free to try to help

his son, or whoever else may be appointed as administrator,[*] develop a case and understand the legal process if the estate does not hire a lawyer.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice

---

[*] As the superior court found, apparently petitioner's son is unwilling to serve as administrator unless his father is appointed as co-administrator.

3